IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARTAVIS SHELTON,

                Plaintiff,                OPINION AND ORDER

  v.

                                                        18-cv-341-wmc

PETE ERICKSEN, JEAN ZWIER,
MICHAEL BAENEN, SARAH COOPER,
LT. GAVIN, OFFICER COONEY,
LT. VANGHEEM, and NURSE
GARLAND,

                Defendants.

*Pro se* plaintiff Dartavis Shelton, who was previously incarcerated at Green Bay Correctional Institution ("GBCI"), has filed a civil action against eight employees and administrators working at GBCI. On April 15, 2021, this court determined that Shelton's complaint violated Fed. R. Civ. P. 20 by combining in a single lawsuit allegations involving two different incidents and groups of defendants. (4/15/21 Op. & Ord. (dkt. #9).) Specifically, the court found that Shelton's allegations could be grouped into at least the following two lawsuits:

> **Lawsuit 1:** Plaintiff's claims related to the March 2012, and January 2013, hospitalizations at St. Vincent, and his subsequent injuries and scarring that resulted from wearing the metal restraints and Bandit electric shock device.
>
> **Lawsuit 2:** Plaintiff's claims relating to the use of force incident from February 2012.

The court advised plaintiff that he could proceed on only one of the lawsuits under this case number, and that if he wished to pursue the other lawsuit, then he would have to file a separate complaint and pay a separate filing fee. The court gave plaintiff until May 5, 2021, to advise the court how he wished to proceed.

In his response to that order, Shelton states that he would like to proceed on Lawsuit 1 in this lawsuit under this case number. (Response (dkt. #10).) He further states that he would like to pursue Lawsuit 2, as well, but he is concerned that if he must file a new complaint, it may be outside the limitations period given that the incident occurred in 2012, more than 9 years ago. Shelton also expresses concern that he will not be able to afford the filing fee.

To address these concerns, Shelton asks the court to consolidate his two separate cases into a single proceeding. However, because Shelton's two lawsuits do not "involve a common question of law or fact," consolidation is not appropriate under Fed. R. Civ. P. 42. Nevertheless, Shelton raises a legitimate concern about the timeliness of Lawsuit 2 should this court dismiss those allegations from the instant lawsuit. Accordingly, rather than dismiss the parties and claims raised in Lawsuit 2, the court will sever them. *See Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010) (noting that severance, rather than dismissal, "preserves rights that depend on the date that the complaint was filed, such as defenses to applicable statutes of limitation") (citing *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

In severing this claim, the court will direct the clerk of court to open a new lawsuit limited to that claim, with a filing date of May 8, 2018, which is the date on which Shelton filed the instant complaint. Shelton does not need to file a separate complaint: his complaint in this new lawsuit will be limited to paragraphs 42-53 of the original complaint filed in Case No. 18-cv-341. (See Compl. (dkt. #1) 21-27.) However, because the court will consider this second lawsuit to have been filed on May 8, 2018 -- when Shelton was a

"prisoner" under the Prison Litigation Reform Act -- Shelton must pay an initial partial payment as determined under 28 U.S.C. § 1915(b)(1), and his complaint will be subject to screening under § 1915A. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 669 (7th Cir. 2012) ("prisoner" status under the PLRA turns on whether the plaintiff was confined when suit was filed).

When Shelton filed his complaint, he was assessed $178.75 as an initial partial payment of the fee for filing this case. He must pay that same amount before the court will screen the allegations in Lawsuit 2, described above. If Shelton currently lacks the resources to pay that amount, then he should submit an application for leave to proceed *in forma pauperis*, a blank copy of which will be mailed to him along with this order. (If these are undesired consequences of Shelton's motion, he is free to file a motion for voluntary dismissal or simply do nothing, in which case the clerk of court will close the new case and he will not owe a filing fee.)

One final note: although the court is severing the use of force claim, the court is doing so without taking a position on whether Lawsuit 2 is timely, even if the court treats Shelton's "new" complaint as having been filed on May 8, 2018. Invoking the statute of limitations is an affirmative defense that can be waived and can be fact-specific. Assuming Shelton is allowed to proceed on that claim, any statute of limitations issues will have to be resolved in the course of that lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Dartavis Shelton's request for consolidation (dkt. #10) is DENIED.

2) Plaintiff's use of force claim set forth in paragraphs 42-53 of his original complaint (dkt. #1 at 21-27) is SEVERED from this lawsuit.

3) The clerk of court is DIRECTED to open a new lawsuit based on paragraphs 42-53 of plaintiff's original complaint.

4) The clerk of court is DIRECTED to mail plaintiff a copy of the court's non-prisoner application to proceed without prepaying fees or costs.

5) The court will screen plaintiff's allegations in this complaint (Lawsuit 1) in a separate order.

Entered this 18th day of May, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge