IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARTAVIS SHELTON,

                Plaintiff,                      ORDER

   v.

                                      18-cv-341-wmc

PETE ERICKSEN,
MICHAEL BAENEN,
LT. GAVIN and
OFFICER COONEY,

                Defendants.

---

DARTAVIS SHELTON,

                Plaintiff,                      ORDER

   v.

                                      21-cv-335-wmc

LT. VANGHEEM,
HSU NURSE GARLAND,
PETE ERICKSEN and
JEAN ZWIER,

                Defendants.

---

*Pro se* plaintiff Dartavis Shelton filed these two lawsuits under 42 U.S.C. § 1983 while incarcerated in the Racine County Jail, but he has since passed away. In the '341 case, Shelton was proceeding on Eighth Amendment claims against prison staff at Green Bay Correctional Institution for allegedly forcing him to wear metal restraints nonstop for the duration of two lengthy hospital stays in 2012 and 2013. In the '335 case, the complaint has not yet been screened, but Shelton was seeking leave to proceed on claims

1

relating to an alleged use of force incident from 2012, also at Green Bay. The court will dismiss both of these cases.

On March 14, 2022, defendants in the '341 case filed a suggestion of death upon the record as to Shelton under Federal Rule of Civil Procedure 25(a). (Dkt. #31.) Rule 25(a)(1) provides that if a party to a claim dies, unless substitution is made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. Here, under Rule 25(a), the court ordered defendants to serve Shelton's personal representative or successor by April 14, 2022, so that he or she could assume Shelton's interest in the '341 case. (Dkt. #34.) The court could not do the same in the '335 case because, as noted, Shelton's complaint has not yet passed the screening stage, meaning that no defendants have been served.

Defendants in the '341 case hired a process server, who was unable to contact Shelton's successor or representative after many attempts. (Dkt. #35.) The court then directed defendants to serve the person they had identified as the proper party by publication and mailing under Federal Rule of Civil Procedure 4(e)(1). (Dkt. #36 at 3.) Defendants were directed to also mail the complaint and leave to proceed order and the court's order allowing alternative service. In that order, the court invited Shelton's successor or representative to notify the court whether he or she wished to assume Shelton's interest in his second, unscreened case and warned that if the court received response, it would dismiss both cases.

Defendants now certify that they mailed the required documents by First-Class

2

Mail on July 6, 2022. (Dkt. #37.) Beginning on that date, defendants also published the suggestion of death as a legal notice in the Racine Journal Times for three weeks, through July 20, 2022. (Dkt. #38.) It has been over 90 days since defendants completed service via publication and mail, but the court has not heard from anyone expressing interest in assuming Shelton's interest in either of his lawsuits.

Accordingly, the cases will be dismissed. Because adherence to Rule 25's procedure is not feasible in the '335 case, the court will dismiss that case under Rule 41(b) for failure to prosecute. *See, e.g.*, *Irby v. Naranjo*, No. 21-cv-01039-KJM-JDP (PC), 2022 WL 224257, at *1 n.1 (E.D. Cal. Jan. 25, 2022) (recommending dismissal under Rule 41(b) because the Rule 25(a) procedure was not feasible), *report and recommendation adopted sub nom. Irby v. Naranjo*, No. 21-cv-01039-KJM-JDP (PC), 2022 WL 584213 (E.D. Cal. Feb. 25, 2022).

ORDER

IT IS ORDERED that:

1) Case no. 18-cv-341-wmc is DISMISSED under Rule 25(a).

2) Case no. 21-cv-335-wmc is DISMISSED under Rule 41(b) for failure to prosecute.

3) The clerk of court is directed to close these cases and to send a copy of this order to the individual identified as Shelton's successor or representative at the address provided at dkt. #37 in the '341 case.

Entered this 4th day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge